**EMULSIFIED ASPHALT PRODUCTS COMPANY, Appellant,**

v.

**James P. MITCHELL, Secretary of Labor, U. S. Department of Labor, Appellee.**

**No. 12302.**

United States Court of Appeals
Sixth Circuit.

June 3, 1955.

Herbert H. McCampbell, Jr., Knoxville, Tenn., for appellant.

Jeter S. Ray, Regional Atty., U. S. Dept. of Labor, Nashville, Tenn. (Stuart Rothman, Sol., Bessie Margolin, Asst. Sol., William W. Watson, Atty., U. S. Dept. of Labor, Washington, D. C., on the brief), for appellee.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from a judgment of the District Court, 120 F.Supp. 804, granting an injunction restraining defendant from violating the Fair Labor Standards Act, 29 U.S.C., Sections 215 (a) (2) and (a) (5), 29 U.S.C.A. § 215 (a) (2, 5), through failure to pay certain employees the minimum wage for a 40 hour week and time and one-half

the regular wage for hours in excess of 40 hours per week, and failure to keep records as required by the statute.[1] The case was tried upon stipulation of facts. Defendant has 11 employees, clerks, watchmen, truck drivers, pump men, and laborers, employed in the production of emulsified asphalt. The wages and hours of these men are in controversy here. Defendant receives asphalt from outside the state of Tennessee and treats it by a special process, making a product for the maintenance, repair, and reconstruction of roads and rights of way. Defendant contends that the particular employees are not covered by the Act and concedes that if they are so covered defendant has not complied with the statute. The product is used as a binder for other material employed in the repair and maintenance of streets and highways. Something less than 1% of this material is sold to the L. & N. Railroad and used for maintenance and repair of grade crossings employed in interstate commerce. More than 85% of defendant's product is sold to various cities, towns and counties in the vicinity of Knoxville, Tennessee. 69% of the output was sold to the city of Knoxville and to Knox County for the repair and maintenance of roads, streets, and highways in Knoxville and Knox County.

Roads and highways, of which 48 are named in the stipulation, situated in the city of Knoxville and County of Knox, Tennessee, are regularly used by motor trucks and tractor-trailer motor transport trucks operated by common carriers of freight, including a number of large truck lines. The roads are traveled daily by other trucks used by common, contract, and private carriers, all engaged in transporting goods in interstate commerce across these roads. But defendant contends that, since the local government agencies built the roads for local traffic and intended them to be used, not for interstate, but for local traffic, the roads do not constitute instrumentalities of interstate commerce. In other words, defendant says that the purpose for which the instrumentality was built rather than its present use determines whether or not it is an instrumentality of interstate or local commerce.

We think the District Court correctly decided that these roads are instrumentalities of interstate commerce. It was held by the Supreme Court of the United States in Overstreet v. North Shore Corporation, 318 U.S. 125, 129, 63 S.Ct. 494, 497, 87 L.Ed. 656, that, if vehicular roads and bridges "are used by persons and goods passing between the various States, they are instrumentalities of interstate commerce." In Alstate Construction Co. v. Durkin, 345 U.S. 13, 15, 16, 73 S.Ct. 565, 567, 97 L.Ed. 745, the Supreme Court cited and relied on the Overstreet case, supra, and held that employees who produced in Pennsylvania a road surfacing mixture, most of which was used in Pennsylvania on interstate roads and railroads and on the improvement of facilities of companies producing goods for interstate commerce were engaged in the " 'production of goods for commerce' " within the coverage of the Fair Labor Standards Act. Applying the principles of these decisions the fact that the roads in question here are used by agencies of interstate transportation, that highway maintenance men spend ten days each month repairing and maintaining Paper Mill Road, an officially designated truck route for traffic on U. S. Highways Nos. 11 and 70, and that bypasses between U. S. Highways No. 25-W and Nos. 11 and 70 are used in interstate commerce sustains the judgment.

The decision of this court in Koepfle v. Garavaglia, 6 Cir., 200 F.2d 191, presents a different question. In that case the basis of decision was that the work was original construction of a wholly new expressway and in no way involved the repair and maintenance of existing roads. We pointed out the distinction between repair and maintenance and new construction based upon a dec-

---

1. The parties will be denominated as in the court below.

laration of the Supreme Court of the United States. Pedersen v. Delaware, Lackawanna & Western R. Co., 229 U. S. 146, 151, 152, 33 S.Ct. 648, 57 L.Ed. 1125.

The judgment of the District Court is affirmed.